**Corveleyn Law Firm**
Graig P. Corveleyn, Esq. (GC-3393)
P.O. Box 45
Hopewell, NJ 08534
(267) 250-4798 (phone)
(609) 423-0938 (fax)
CorveleynLawFirm@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: | Case No. 15-16734(CMG) |
| PERKOWSKY, FRANK & REBECCA, | Hon. Christine M. Gravelle, U.S.B.J. |
| Debtors. | Chapter 7 |
| SUBURBAN REALTY, L.P., | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| FRANK PERKOWSKY & REBECCA PERKOWSKY, | |
| Defendants. | |

**COMPLAINT TO DETERMINE DEBTS OF SUBURBAN REALTY, L.P. TO BE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523 (a)(2) & (a)(4)**

Suburban Realty, L.P., a creditor in the Chapter 7 bankruptcy case of Frank and Rebecca Perkowsky (the "Debtors"), by and through its counsel, Corveleyn Law Firm, and by way of complaint against the defendants, Frank and Rebecca Perkowsky (the "Debtor Defendants") alleges as follows:

## PARTIES

1. Frank and Rebecca Perkowsky filed a joint voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq) (the "Code") on April 14, 2015 (the "Petition Date").

2. The Debtors filed a previous Chapter 13 case on November 15, 2013 which was dismissed by the Court by order dated June 19, 2014.

3. The Plaintiff, Suburban Realty, L.P. is, at all times relevant hereto, a limited partnership formed under the laws of the Commonwealth of Pennsylvania with a principal place of business at 330 Oakford Road, Clarks Summit, Pennsylvania, 18411.

4. The Debtor Defendants are individuals, married, New Jersey residents who reside together at 353 Sidney Road, Pittstown, New Jersey 08867.

## JURISDICTION

5. This is a core proceeding brought pursuant to Fed. R. Bankr. Proc. 7001, 11 U.S.C. § 523 and 28 U.S.C. § 157 (b)(2)(I) and/or (O).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 1334(b) and 157(b)(1).

7. The venue of this proceeding is in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## RELEVANT FACTS

8. On or about March 20, 2012, Frank Perkowsky on behalf of a limited partnership identified as Sportsmans Outlet, L.P. d/b/a Sportsmans Outlet entered into a lease agreement with the Plaintiff for the lease of real property identified as Stroud Shopping Center, Unit #4, Route 611 and Applegate Road, Stroudsburg, PA 18360 (the "Sportsman Lease").

9. The Sportsman Lease was for an initial term of five (5) years.

10. In connection with the Sportsman Lease, the Debtor Defendants, particularly Frank Perkowsky completed a personal financial statement "as of 1/12" (the "Personal Financial Statement").

11. The Personal Financial Statement provided that the Debtor Defendants possessed and owned the following assets at the following stated values:

   a. Marketable Securities: $250,000.00
   b. Life Insurance – Cash Surrender Value: $1,000,000.00
   c. Retirement Funds: Traditional or Roth IRA: $40,000.00
   d. Machinery & Equipment: $235,000.00
   e. Residence ("Pittstown, NJ 75 Acres – Home"): $1,400,000.00
   f. Real Estate ("M.E.")[1]: $200,000.00

12. The Debtor Defendants each executed a personal guarantee of the Sportsman Lease on or about May 2, 2012 (the "Personal Guarantee").

13. The Plaintiff relied upon the Personal Financial Statement at the time of the execution of the Sportsman Lease.

---

[1] Upon information the "M.E." signifies real property owned by the Debtor Defendants in the State of Maine at 10 Bear Lane, Wesley Maine, 04686 (the "Maine Property"). The Debtors identified this property as worth approximately $60,000 on their bankruptcy petition and $78,000 on their previous Chapter 13 bankruptcy filing.

14. The Plaintiff relied materially upon the Personal Financial Statement in making the Sportsman Lease.

15. The Debtor Defendants defaulted on the Sportsman Lease.

16. The Plaintiff obtained a money judgment against Sportsmans Outlet, LLC d/b/a Sportsmans Outlet and the Debtor Defendants personally on August 11, 2013 in the amount of $323,933.42 in the Court of Common Pleas of Monroe County, Forty-third Judicial District, Commonwealth of Pennsylvania (the "Judgment").

17. The Judgment was transferred to New Jersey and recorded bearing Docket Number DJ-234489-13.

## COUNT ONE

**(Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2))**

18. The Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

19. The Plaintiff entered into the Sportsman Lease based in part on the representations made by the Debtor Defendants on the Personal Financial Statement.

20. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, did the Debtor Defendants have marketable securities worth $250,000.00.

21. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, did the Debtor Defendants have a life insurance policy with a cash surrender value of $1,000,000.00.

22. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, did the Debtor Defendants have a retirement account or IRA worth $40,000.00.

23. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, was the machinery and equipment at the Debtor Defendant's residence worth $235,000.00.

24. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, was the Debtor Defendant's residence worth $1,400,000.00.

25. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement, was the Maine Property worth $200,000.00.

26. The representations made by the Debtor Defendants on the Personal Financial Statement were materially false.

27. The representations made by the Debtor Defendants on the Personal Financial Statement were representations of the financial condition of the Debtor Defendants.

28. The Plaintiff reasonably relied upon the representations of the Debtor Defendants in making the Sportsman Lease.

29. The Debtor Defendants caused the Personal Financial Statement to be made with intent to deceive the Plaintiff, inducing the Plaintiff to enter into the Sportsman Lease.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

a. For entry of an order declaring the Judgment amount to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2);

b. For costs of suit, including reasonable attorney's fees; and

c. For such other and further relief as the Court deems just and proper.

## COUNT TWO

**(Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4))**

30. The Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

31. Upon information and belief, the Debtor Defendant, Frank Perkowsky is a partner and manager of Sportsmans Outlet, L.P. d/b/a Sportsmans Outlet.

32. The Plaintiff entered into the Sportsman Lease based in part on the representations made by the Debtor Defendant, Frank Perkowsky on the Personal Financial Statement acting in in fiduciary capacity as a partner and manager of Sportsmans Outlet, L.P..

33. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, did the Debtor Defendants have marketable securities worth $250,000.00.

34. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, did the Debtor Defendants have a life insurance policy with a cash surrender value of $1,000,000.00.

35. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, did the Debtor Defendants have a retirement account or IRA worth $40,000.00.

36. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, was the machinery and equipment at the Debtor Defendant's residence worth $235,000.00.

37. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, was the Debtor Defendant's residence worth $1,400,000.00.

38. At no time, and especially at the time when the Debtor Defendant completed the Personal Financial Statement in reference to the Sportsman Lease, was the Maine Property worth $200,000.00.

39. The representations made by the Debtor Defendants on the Personal Financial Statement were materially false.

40. The representations made by the Debtor Defendants on the Personal Financial Statement were representations of the financial condition of the Debtor Defendants.

41.  The Plaintiff reasonably relied upon the representations of the Debtor Defendants in making the Sportsman Lease.

42.  The Debtor Defendants caused the Personal Financial Statement to be made with intent to deceive the Plaintiff and to induce the Plaintiff to enter into the Sportsman Lease.

43.  The Debtor Defendants committed fraud with regard to the Personal Financial Statement and the Sportsman Lease.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

a.  For entry of an order declaring the Judgment amount to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4);

b.  For costs of suit, including reasonable attorney's fees; and

c.  For such other and further relief as the Court deems just and proper.

**CORVELEYN LAW FIRM**
Attorney for Plaintiff, Suburban Realty, L.P.

DATED: May 6, 2015

/s/ Graig P. Corveleyn
_____

GRAIG P. CORVELEYN